**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

VERA BRADLEY DESIGNS, INC.,    )
    )
Plaintiff,    )
    )
       v.    )   No. 1:09-CV-263
    )
DOGMATIC, INC.,    )
    )
Defendant.    )

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Judgment on the Pleadings, filed by Plaintiff, Vera Bradley Designs, Inc., on February 22, 2010 (DE #31). For the reasons set forth below, the motion is **GRANTED**. The Court hereby **ORDERS** that judgment be entered in favor of Plaintiff, Vera Bradley Designs, Inc., and against Defendant, Dogmatic, Inc., in the amount of $636,950.08, plus prejudgment interest at the statutory rate of 8% per annum.

BACKGROUND

Plaintiff, Vera Bradley, hired Defendant, Dogmatic, Inc., to produce the Vera Bradley Traveling Show Fall 2008. (Compl., ¶ 8.) Dogmatic provided Vera Bradley with estimated expenses for the production of the 2008 Fall Show. (Compl., ¶ 10.) Dogmatic then invoiced Vera Bradley, and Vera Bradley paid Dogmatic pursuant to the invoice. (Compl., ¶ 10; Am. Answer, ¶ 10.) The amended answer

states that "Dogmatic admits that the amounts paid by Vera Bradley to Dogmatic were $636,950.08 more than the combined amount of Dogmatic's production fee and expenses incurred by Dogmatic for the 2008 Fall Show." (Am. Answer, ¶ 11.) Following Dogmatic's receipt of the money, "[o]n January 21, 2009, Dogmatic issued Vera Bradley a $636,950.08 credit memo for credits it owed to Vera Bradley, a copy of which is attached hereto, made a part hereof, and marked as Exhibit A." (Compl., ¶ 12; Credit Memo; Am. Answer, ¶ 12.) Despite Vera Bradley's demands, Dogmatic has admittedly refused to pay Vera Bradley the balance due on the credit memo in the amount of $636,950.08. (Compl., ¶ 13; Am. Answer, ¶ 13.)

Plaintiff, Vera Bradley, filed the instant Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), on February 22, 2010. Counsel for Vera Bradley discussed the motion with counsel for Dogmatic. Counsel for Dogmatic reviewed the instant motion, and represented that he would not be filing a response in opposition to the motion. To date, no opposition has been filed. Consequently, the motion is ripe for adjudication.


DISCUSSION

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is reviewed under the same standard as a motion to dismiss under 12(b) . . . ." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *see also Thomason v. Nachtrieb*, 888

F.2d 1202, 1204 (7th Cir. 1989). Where the plaintiff moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (6th Cir. 2004)(quotation omitted). In ruling on a motion for judgment on the pleadings, the court must accept as true "all well-pleaded allegations" and view them in the light most favorable to the non-moving party, as well as accept as true all reasonable inferences to be drawn from the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452-53 (7th Cir. 1998); *see also* Fed. R. Civ. P. 10(c)(providing that written instruments attached as exhibits to a pleading are part of the pleading for all purposes).

The Seventh Circuit has stated that "interpretation of an unambiguous contract is a question of law for the court." *Bechtold v. Physicians Health Plan of Northern Indiana*, 19 F.3d 322, 325 (7th Cir. 1994). In considering the plain language of the credit memo, as this Court must, the language unambiguously states that Dogmatic owed Vera Bradley a credit of $636,950.08 for the 2008 Fall Show. (Credit Memo, Compl. Ex. 1.) Neither party disputes

that this balance was due, or that Dogmatic refused to pay Vera Bradley the balance due on the credit memo in the amount of $636,950.08. As such, there has clearly been a breach of contract.

Vera Bradley is entitled to judgment in the amount of $636,950.08, plus prejudgment interest. "Under Indiana law, the prejudgment interest rate is set at 8% only when the parties have not agreed on the rate of interest." *Leaf Funding, Inc. v. Brogan Pharms., Inc.*, 642 F.Supp.2d 844, 856 (N.D. Ind. 2009) (relying on I.C. 24-4.6-1-102). There is nothing in the pleadings establishing that the parties agreed on a rate of interest, and the parties have represented to the Court that they did not agree to any prejudgment interest rate. Therefore, the rate to be applied should be 8%.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**. The Court hereby **ORDERS** that judgment be entered in favor of Plaintiff, Vera Bradley Designs, Inc., and against Defendant, Dogmatic, Inc., in the amount of $636,950.08, plus prejudgment interest at the statutory rate of 8% per annum.

DATED: March 10, 2010                    /s/ RUDY LOZANO, Judge
                                         United States District Court